Ms. Quinn, please proceed. Thank you, Your Honors. May it please the Court, Claim 17 of the 111 patent must be construed under the broadest reasonable interpretation standard. The Patent Trial and Appeal Board failed to apply that standard, and its construction of Claim 17 should be reversed. In considering the issues presented by the Board's construction, I might refer the Court to an annotated version of Figure 3 from the prior Art Weizelbaum reference, which is reproduced on page 31 of the appendix in the Board's decision. It's also at page 13 of the appellee's brief and page 15 of the appellant's reply brief. The relevant language of independent Claim 17 is directed to a horizontal distance between lower and upper stop structures. That distance must be greater than a diameter of the products being dispensed from the claimed display rack. Dependent Claim 18 adds one single further limitation, namely that the horizontal distance between the stop structures must be sufficient to support a returned can resting on top of the forward-most dispensed can. There are several ways to construe the relevant language of Claim 17. We, the appellants, proposed construing the claim to mean that the horizontal distance between at least some portion of the upper and lower stop structures must be greater than the diameter of a product. So if you look at that Weizelbaum figure... Yes, Your Honor. To judge more, you explain your construction on page 22 of your brief as a construction of the offset rearwardly from limitation to encompass both, A, you say offset having a horizontal distance not sufficient to allow the return of a dispensed can, and B, offset having a horizontal distance that is sufficient for return of a dispensed can. That is your construction, correct? Your proposed construction would allow for offset that would not permit the return of a can. Correct, Your Honor. How do you square that with the patent? So I think that's how the patent needs to be construed, Your Honor, because we have Dependent Claim 18, and the only limitation of Dependent Claim 18 is that the horizontal distance is sufficient to allow for return of a can. So under the Doctrine of Claim Differentiation, Independent Claim 17 is presumed to be broader than that, which means it would have to... Go ahead. Let's turn to Column 7 of the patent, please. Column 7, and I'm going to take you to line about 48. Do you have that handy? I'll be there in just one second, Your Honor. Okay. Yes, I'm there, Your Honor. Okay. It says another advantage of the present invention is the return area or replace stall 110, which is defined between the first and second stops. The replace stall is further defined as an area in which a product may be replaced if the consumer decides not to purchase. Doesn't that suggest that the present invention, as disclosed in this patent, requires the ability to have a return area or replacement area large enough for a can to be put back? Your Honor, that seems to be one... That certainly is an embodiment of the invention, but that's not what Claim 17 says. Counsel, do you have any cases where we have ever held the words, the present invention do not amount to a limitation? At hand, Your Honor, I do not, but I would say that we have to read the specification in light of the claim language, and there's only one limitation that separates Claim 17 from Claim 18, and that those two claims should be read to give meaning to the language in both of those claims. But, Counsel, we have a whole bunch of cases, and I know because I authored a bunch of them, where we talk about how if the patentee chooses to define his invention and stresses in the specification that the present invention is, which is what this language includes, then that will inform our construction of the terms in the claims that are relevant and impacted. I can't find any case where we've ever said, well, you can say the present invention must contain a return can, but we're going to construe the claim as not requiring one. Well, Your Honor, I say the patentee themselves have not argued this, Your Honor. The patentee seems to recognize that Claim 17... Counsel, construction is a question of law, and so as a question of law, we're permitted to look at the intrinsic record. I mean, when people argue statutory interpretation to me, do you think I should ignore sections of the statute that Counsel's dumb enough not to point to that might otherwise help resolve the case? I do not, Your Honor. I understand Your Honor's point, but again, I think the doctrine of claim differentiation in this case is particularly strong for a number of reasons. We're dealing with the broadest reasonable interpretation. Counsel, I just want to ask you about that. I mean, you agree, of course, that the dependent claim has different language than the independent claim, right? Yes, Your Honor. So one of the independent claims talks about a particular offset being the diameter of the return can placed, right? I mean, that's two different ways of perhaps describing the same thing, but it is different language, right? It's different language, Your Honor, but I think the point is that we should be trying to give that different language effect and give it meaning such that Claim 18 is narrower. One of them is that you need to be able to set a return can in there, and the other one is that you need to have an offset distance of a certain amount. It seems to me that you're interpreting the return can limitation as requiring a particular offset. I'm sorry, Your Honor. I might have lost the beginning of what you were saying. What we are saying is that... What I said was it seems to me that you're interpreting the dependent claim as requiring a particular offset when, in fact, all it says is that there has to be an ability to return. And so I'm wondering, you know, what is your basis for interpreting it that way other than, you know, some sort of ability to get a claim construction that you want for the independent claim? What Claim 18 says, Your Honor, is that the horizontal distance by which the stop structure of the second chute is offset rearwardly from the stop structure of the first chute, that that horizontal distance is sufficient for returning a can. That is the further limitation that Claim 18 adds to Claim 17. Claim 17 talks only about a horizontal distance greater than the diameter of the product, and it doesn't make any mention of that horizontal distance being sufficient to return a product to the rack. And they are different. That language is different, right? Your view is that we should interpret them to be the same thing, even though they have different, very different language, functional language in how they're described. So there isn't... The functional language is in Claim 18. That's the limitation of Claim 18. And then the independent claim says that there has to be an offset that's the diameter of a can. Correct, Your Honor. Okay. And there... Okay. This is Judge Prost. Going back to the question of using claim construction... Claim differentiation, I mean, our cases have clearly said that this isn't a rigid rule that must be applied in every circumstance, right? It's treated as if it's a guide of potential utility. I mean, I... Anecdotally, I mean, I just have a recollection of a lot of... may have been involved with that gave reasons we didn't apply it rather than applied it. Is your view that it's often or almost always applied? I... What I would say, Your Honor, is that it is a rebuttable presumption. And it's a rebuttable presumption that is particularly strong in this case for a couple of reasons. First, that we are under the broadest reasonable interpretation standard. And second, that we have a dependent claim that has just this one limitation separating it from the independent claim. And in situations like that, the presumption of claim differentiation, this court has held, is particularly strong. And so, with the presumption invoked, what we should be looking for then is, and neither the board nor GAM incited, something in the intrinsic evidence of the patent that would compel a different finding other than claim differentiation. You should see how that language I pointed to in column seven doesn't compel a different finding. And that's not the only language. Column one reinforces it when it's talking about the description of the background art. Column one, I'll point you to line 43. Another disadvantage of the prior art gravity feed dispenser is the customer's inability to return unwanted products. If a customer removes, it goes all the way through. And then at the very... I mean, that whole thing is about the importance of being able to return the can. And then at the end, thus there remains a need in the art for a compact, easy to assemble, easy to load and reload, multi-chute gravity feed dispenser having an integrated display. I guess, for me, I understand and buy your arguments about claim differentiation, but not in the face of a patent specification that says the present invention is having a return feature and that it is a significant advantage distinguished over the prior art. I mean, I feel like this is sort of the poster child for the case where claim differentiation could actually carry water. Your Honor, it may be that claim 17, when you read it as a whole, claim 17 has seven different claim elements in it. And claim 17 arguably could be construed in a way, a device could be constructed according to claim 17 such that a return is possible, but it's a return that's not attributable to that horizontal distance. It's not precluding that. The point that we're making is that claim 18 says that it's the horizontal distance between the stop structures that makes the return possible. Counsel, this is Judge Scholl again. There's something mechanically a little bit off on this for me. And that's that if the stop structure of the first chute and the stop structure of the second chute were only one can apart, would a can that was placed on top of that first can roll off or would it sit there? If they were exactly a diameter apart or just, as Gamma has said, one micron bigger, it would roll off. So what we're looking for in claim 18 is a real-world construction where that horizontal distance is sufficiently greater than the diameter of a can that you can return a can to the bottom rack. How much more does it have to be than a diameter of a can in order for that can not to roll off? The claim is worded in functional language. It has to be sufficient to permit return. I'm just asking mechanical-wise. Do you have a view on that? It seems to me, for example, if you look at figure 6A of the 111 patent, it's not just one diameter apart, the first stop structure and the second stop structure. It's more like at least a can and a half apart. And presumably, Your Honor, yes. In a real-world mechanical situation, it's because that's the length that's sufficient to permit the return as claim 18 reads. Why isn't the claim of different scopes than the independent claim? I'm sorry. I didn't hear your question, Your Honor. Then why isn't the dependent claim of different scopes than the independent claim? We believe that it is, Your Honor, because claim 18 requires that the length be sufficient to permit return of a can, that the horizontal distance be sufficient to permit return of a can. Okay, but your argument, as I understand it, is maybe I'm confused now, but I thought your argument was that the independent claim was of the same scope as the dependent claim if we adopted the board's interpretation. And so that was the reason why there was a problem with the board's interpretation. And now you're saying they're of different scopes. Your Honor, perhaps I confused, I got confused in the questioning. So we are saying that the, let me try it this way, Your Honor, if I can, with the board's interpretation, and if I could refer the court to the Weisselbaum reference. So the board found that Weisselbaum does not teach this horizontal limitation. So the only way you get there under the board's interpretation is if you are measuring from the top end of the lower stop structure to the base of the upper stop structure, because that's where the diameter is not greater than the length, than the diameter of a can. The length isn't greater than the diameter of a can. If, for example, you were to measure from the bottom inner surface of the lower stop structure to the upper stop structure, then you have a distance that is greater than the So what the board's interpretation is, the board didn't say this, but I think the way that you can, the only way to reconcile the board's construction with its reading of Weisselbaum is that the entirety of the bottom stop structure must be more than a diameter of a product away from the entirety of the upper stop structure. And our view is that that is too narrow a construction, and that if you construe the claim that way, then you are always going to have a distance that permits return of a can making claims 17 and 18 commensurate in scope. If I may, Your Honor, I would like to reserve one minute for rebuttal, although I'm happy to continue answering questions. No, that's fine. Please reserve your rebuttal time. Okay. Thank you, Your Honor. Is it Todgeloff? Am I pronouncing your name right? No, it's Todgeloff. Yes, Your Honor. Well, good morning, and may it please the Court. The challenge to the board's decision here is really two separate arguments. One is a challenge to the construction that the board rejected, which is what Campbell superargued. They tried to modify the plain language of the claim by inserting some terms, and then the only evidence they had for that was the extrinsic evidence of their expert, who said he thought that one of ordinationally art would revise the claim in that way. That was found to be inadequate. This Legion precedent to show that just an ultimate conclusion like that without any reference to the specification or any of the other aspects of the prosecution is just not supportable. And the real problem with their construction was that it's not a reasonable construction that was shown. We have a sheet drawing on page 26 of our brief. Counsel, can you hear me? Sorry. Yes, I can. Sorry, breaking up a little bit. Yes, I can, Your Honor. Can you hear me? Could you please respond to the point raised with your friend by Chief Judge Moore about the language and the specification and the clarity of that language? And I guess, could you include in that whether or not you cited this language to the board or whether there was any indication below, maybe indicative or probative of the result that should lie in this case? In terms of the construction of the claim, the claim states a distance, which is greater than the diameter of a can, which is sort of a mathematical limit of the range of things which would be... Actually, it isn't quite the limit. You can probably... Well, anyway, it's a mathematical limit of dimension, which is not shown in the prior art. And that's a distinction right there. Its functionality, it can, under certain circumstances, yes, in almost all circumstances, it would be a return position. But as we pointed out, if you had a can with just... If the offset rearward from the front stop was greater than the diameter of a can by a micron, that's so small compared to the variation in cans, it is a practical matter, there would not be a return position. On the other hand, I guess you could maybe argue in an infringement case that there was no infringement because of the specification statement, but... Well, this is Judge Moore. Yes. I'll be honest. The micron argument wasn't one that really appealed to me a lot, but I was really enamored with the language in column seven that where your client says the present invention is the return area, and then the language in column one where your client's patent explains that this is a huge advantage over the prior art, this return area. And so when the claim itself says offset rearwardly by a diameter greater than the can, why aren't you, in that language, defining a return area? We are, but we're defining it with a sort of mathematical limit. So, in other words, in a mathematically perfect universe with an absolutely mathematically perfect series of cylinders, if it's off by DT or DX, I guess, going back, if it's off by DX to the rear of the can... Because the only thing you say is greater than a diameter of a can. So this whole micron stuff is sort of crazy. What does it mean to be greater than a diameter of a can? Well, the patent tells us the present invention is having a return area. So whatever it means to be greater than the dimension of a can, the diameter of a can, it has to be greater than a permit return, full stop. I don't see how any construction other than that would be reasonable in light of the language in this fact. I think, certainly, for certain circumstances, it does overlap. In certain circumstances, you're going to have some variation in the size of the cans. There's a practical matter. The return position, as it's described in Claim 18, which is, as you pointed out, different language. It's subject to interpretation that a user can put a can back. A user won't be able to put a can back if there's a micron or even a thousandth of an inch or whatever, a small difference. It won't rest on that, and that would be the interpretation of Claim 18. The claim differentiation thing here is not a rational approach to this because you don't invalidate one claim to save another claim from being invalidated. I just want real clear clarification on your position. Is your position that Claim 17 would include circumstances in which returning a can were not possible? Under literal language, yes. I guess you could argue there's some prosecution estoppel or waiver in the specification of the exact language. But there would be some situations where, I guess, the variation in can size would not allow you to return it. Like I said, if it was a micron farther back, that's not going to be enough of a ledge to rest a can on it. I guess the term is resting. Claim 18 says replace product resting directly on the rear portion of the front of the forward can. So resting has kind of got an interpretation capability. And I would say resting or teetering and waiting for the Coriolis acceleration to peel it off the front can would not be resting. So there would be an interpretation to distinguish the claims. The construction of Claim 18 is, of course, a part of this thing, too, because claim differentiation only requires you to construe those two claims differently. And it would never justify just gutting one claim's restrictions. Basically, the return position is defined for the mathematically perfect universe, and then it gets a little bit bigger and bigger for the actual real universe. And that would, of course, develop eventually to a claim which allows resting of the can given the situation which the claims are applied to, which, of course, includes the cans in the combination. So the nature of the cans is part of that definition. Okay. Anything further? Well, certainly, as I said, the broadest reasonable interpretation is the plain reading which the board adopted, and that's what was done. The camel soup interpretation was not reasonable, so it couldn't be adopted, and it wasn't supported by any evidence. Claim differentiation requires just differentiation of the claims, which can be construed to do that sort of problem. And the last point I guess I made is that the issue of obviousness was also resolved by the board in the earlier decision where it decided that you could combine these references properly with the evidence and show that. So the combination of what's wrong with Nessa, which is the rejection that they're kind of arguing, is something which has also been rejected for other reasons. So there's really no reason to disturb this decision at all. It seems like kind of a completely uncolorable appeal. Well, I will definitely not agree with you that it is an uncolorable appeal, but I will take the conclusion of your argument and let Ms. Quinn have her rebuttal time. Thank you, Your Honor. Going back to the question Judge Moore raised, I'd like to cite two cases to the court, Continental Circuits v. Intel 915F3-788 and Absolute Software v. Stealth Signal 659F3-1121, both of which stand for the proposition that although, as Judge Moore, you pointed out, the language of the present invention can be limiting, it is not necessarily limiting, especially when the invention is not so limited consistently through the spec and when it's not consistent with other parts of the patent, like the claim language and the summary of invention. And so, again, I would just come back around to the fact that this is the broader... Counselor, your problem is that that's not the case. The only thing you have in your favor, the only thing, is your claim-maintaining, claim-differentiation argument. And we've, in many cases, said claim differentiation is sort of the red-headed stepchild of the claim canons of construction. It's not the strongest one, for sure. It is rebuttable and rebuttable in light of the spec. And here, you've got a spec that says the present invention is this return. In the very background of the invention, they talk about how important having this return is. Why is the board's construction really something we ought to reverse in light of all of that? I mean, if I don't believe claim differentiation is a good enough reason to do it, why should we reverse it? Two reasons, Your Honor. First, even when you directly asked counsel what the patentee's position is, he agrees that Claim 17 is intended to read on devices that do not permit a return in the real world. And second, again, with the broadest reasonable interpretation standard, we have an interpretation that we've proposed that does give reasonable, meaningful scope to the claim, and it's in this context that claim differentiation, albeit a rebuttable presumption, is at its strongest. Okay, thank you, counsel. I think that concludes our argument in this particular case. We'll take it under submission, and let's move on to the next case.